*denied* 78 NY2d 972 [1991]; *cf. People v Tafari*, 68 AD3d 1540, 1541-1542 [2009]; *see generally Stone*, 22 NY3d at 525-527).

Finally, we reject defendant's contention that his poor performance at trial demonstrates that the court erred in granting his request to represent himself. "Regardless of his lack of expertise and the rashness of his choice, defendant could choose to waive counsel [where, as here, the record reflects that] he did so knowingly and voluntarily" (*People v Vivenzio*, 62 NY2d 775, 776 [1984]). It is well settled that, "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (*People v McIntyre*, 36 NY2d 10, 14 [1974] [internal quotation marks omitted]; *see United States ex rel. Maldonado v Denno*, 348 F2d 12, 15 [2d Cir 1965]; *see also Vivenzio*, 62 NY2d at 776). Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.

■ In the Matter of ANDREA J. MORGIA, Appellant, v THOMAS E. HORNING, Respondent. (Appeal No. 1.) [988 NYS2d 508]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: In these proceedings pursuant to Family Court Act article 6, the parties sought, inter alia, modification of a prior order of custody and visitation. While the appeals herein were pending, Thomas E. Horning, the petitioner in appeal No. 2 and the respondent in appeal Nos. 1, 3 and 4, filed another petition seeking modification of the same order. An order was thereafter entered upon stipulation of the parties, thereby rendering moot the appeals herein (*see Matter of Walker v Adams*, 31 AD3d 1018, 1018 [2006]; *Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]). Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.

■ In the Matter of THOMAS E. HORNING, Respondent, v ANDREA J. MORGIA, Appellant. (Appeal No. 2.) [988 NYS2d 508]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

1356

Same memorandum as in *Matter of Morgia v Horning* ([appeal No. 1] 119 AD3d 1355 [July 3, 2014]). Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.

■ In the Matter of ANDREA J. MORGIA, Appellant, v THOMAS E. HORNING, Respondent. (Appeal No. 3.) [988 NYS2d 509]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Same memorandum as in *Matter of Morgia v Horning* ([appeal No. 1] 119 AD3d 1355 [July 3, 2014]). Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.

■ In the Matter of ANDREA J. MORGIA, Appellant, v THOMAS E. HORNING, Respondent. (Appeal No. 4.) [988 NYS2d 509]—Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Same memorandum as in *Matter of Morgia v Horning* ([appeal No. 1] 119 AD3d 1355 [July 3, 2014]). Present—Scudder, P.J., Smith, Carni, Lindley and Whalen, JJ.

■ In the Matter of STATE OF NEW YORK, Respondent, v MICHAEL C. BASS, a Patient in the Custody of the Office of Mental Health, Appellant. [989 NYS2d 556]—

Appeal from an amended order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 7, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The amended order, among other things, adjudged that respondent is a dangerous sex offender requiring confinement.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an amended order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender (*see* § 10.03 [e]) and directing that he be committed to a secure treatment facility. We affirm.